## COMMONWEALTH *vs.* THOMAS MANY.

A complaint to a justice of the peace, upon which the defendant " is found guilty of the offence charged against him " and " ordered to recognize for his personal appearance in the court of common pleas," is no bar to an indictment for the same offence.

INDICTMENT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors. At the trial in the court of common pleas in Middlesex, at October term 1858, it appeared by papers upon the files of that court, that the defendant had been arraigned before a justice of the peace, upon a complaint for selling intoxicating liquors during part of the time alleged in this indictment; and that by said justice, "after due and full examination, he is found guilty of the offence charged against him; it is therefore ordered that he recognize in the sum of two hundred dollars to the Commonwealth, with sureties, for his personal appearance in the court of common pleas."

The defendant objected to the admission of any evidence of sales made by the defendant during the time covered by the allegation in said complaint, " for the reason that the defendant had been tried for said sales by the magistrate who had final jurisdiction of the offence, and so this court had no jurisdiction over the same, as the defendant could not be twice tried for the same offence." But *Aiken*, J. overruled the objection, and admitted the evidence. The sales proved by the government were all proved to have been made within the time covered by the allegation in said complaint. The defendant, being found guilty, alleged exceptions.

*C. R. Train*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. The objection that this indictment could not be sustained for any sales of liquors embraced within the period named in the complaint made against the defendant to a justice of the peace, and upon which he had been arraigned before the justice, and found guilty, and ordered to recognize for his appearance at the next court of common pleas, at which court he

was indicted for the offence for which he has recognized to appear, but which indictment has never been heard and tried, cannot avail the defendant. That a previous pending indictment is no bar to a second indictment for the same offence is well settled. The party is not put twice in jeopardy; for, whichever is tried first, the judgment thereon will be a bar to the other. *Commonwealth* v. *Drew,* 3 Cush. 279. *Commonwealth* v. *Murphy,* 11 Cush. 472. *Commonwealth* v. *Berry,* 5 Gray, 93.

The authority of the justice of the peace was that of an examining magistrate, as well as that of final jurisdiction; and such being the case, he may act in either capacity; and if the judgment is merely that the party is ordered to recognize to the next court of common pleas, to answer to the offence charged in the complaint, it is to be treated as an examination, and not a trial by a court of final jurisdiction. *Commonwealth* v. *Harris,* 8 Gray, 470. *Commonwealth* v. *Boyle, ante,* 3.

*Exceptions overruled.*